**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 24-CR-20155-RAR**

**UNITED STATES OF AMERICA,**

vs.

**ENRIQUE PEREZ-PARIS,**
**DIEGO SANUDO SANCHEZ CHOCRON,**
**GREGORY CHARLES MILO CASKEY,**
**OMAR PALACIOS, and**
**NADIR PEREZ,**
                    **Defendants**.
_____/

## U.S. FILTER TEAM'S MOTION FOR AUTHORIZATION TO PRODUCE CERTAIN PREVIOUSLY PRODUCED MATERIAL

The United States' Filter Team moves for an order authorizing the Filter Team to produce in discovery documents the Government has identified as potentially subject to its disclosure obligations. This material has been previously disclosed in multiple other prosecutions across the country, but theoretically remains subject to potential privilege claims due to case-specific non-waiver orders. *See* Appendix 1. The potential privilege holders are Khalid Satary, a fugitive from justice in the Eastern District of Louisiana, and six defunct companies he has controlled, *i.e.* the Hurricane Shoals Entities ("HSEs"), and Lab Solutions LLC, the (also defunct) dissolved Georgia company of convicted health care fraud defendant Minal Patel.[1]

---

[1] The name "Hurricane Shoals Entitles" derives from the fact that four of the six entities (also referred to as "the Satary Labs") had facilities authorized to be searched by search warrant at 1130 Hurricane Shoals Road in Lawrenceville, Georgia. *See* Appendix 2, Part A at 227-372. The HSEs are: (1) Alpha Medical Consulting, Inc.; (2) Clio Laboratories, LLC; (3) Elite Medical Laboratories, Inc.; (4) Performance Laboratories, LLC; (5) Lazarus Services, LLC; and (6) GENOS Medical, Inc.

All the above privilege holders were notified of the Filter Team's intent to seek the relief requested (*see* Ex. A) and will be served with the Filter Team's Motion.  All Defendants have stated through counsel they do not oppose the Motion (*see* Ex. B).

The Filter Team seeks authority to release the at-issue items because (1) none of the material is properly subject at this time to a privilege claim; (2) indeed, the privilege holders have previously waived privilege over parts of the material in other matters; and (3) the remaining material (belonging exclusively to Satary and HSEs) was ordered produced to a defendant in another criminal matter, and, potentially for use in public proceedings, subject to certain protections the Government also seeks here.  *See United States v. Fluitt*, 99 F.th 753 (5th Cir. 2024).  Subsets of the documents previously claimed as privileged by Satary and HSEs but which were ordered produced to the defense in *Fluitt* have been similarly ordered produced to the defendant in *United States v. Moore*, No. 22-CR-14 (S.D. Ga. orders filed Feb. 9, 2024 and Aug. 27, 2024) (Dkts. 92 and 110 in *Moore*).  *See generally* Appendix 2 hereto.

## **BACKGROUND**

The total number of documents at issue on this motion is 7,099.  They fall into three groups.  The largest, 5,010 items, includes items the Filter Team determined in other cases and here are not potentially subject to a claim of privilege ("Non-PPM").  The second largest includes 1,632 documents that were the subject of previous claims of privilege, albeit via privilege logs that have been held by the Fifth Circuit to be legally inadequate, rendering the documents validly subject to orders to produce them to a defendant in another criminal matter, and, potentially for use in public

proceedings.  *See United States v. Fluitt*, 99 F.th 753 (5th Cir. 2024).  The smallest

group consists of 457 items as to which the Filter Team in other cases asked privilege

holders to assert or waive privilege, and privilege was waived ("Waived PPM").

The documents at issue were previously seized via search warrant and have

been subject to court-ordered Discovery Protocol Orders to screen for, and enforce

deadlines for privilege logs by privilege holders, as to potentially privileged materials

("PPM") in other cases.  The documents were produced under court orders, as follows:

| Privilege Holder | Non-PPM | Waived PPM (PPM not claimed as privileged) | PPM Listed on Last Operative Privilege Log of Privilege Holder |
|---|---|---|---|
| Khalid Satary | 627 documents[2] | 33 documents[3] | 66 documents[4] |

---

[2] Produced, with documents of other privilege holders in this category, to defendants and the Prosecution Teams under Protocol Orders in *United States v. Hanley & Allen*, No. 19-CR-120 (M.D. La. July 16, 2020); *United States v. Canchola*, No. 3:19 CR 473 (N.D. Tex. Nov. 25, 2020); *United States v. Satary*, No. 2:19-CR-197 (E.D. La. Dec. 2, 2020); *United States v. Fluitt*, No. 3:20-CR-0196 (W.D. La. Dec. 9, 2020); *United States v. Garipoli*, No. 19-CR-80196 (S.D. Fla. Mar. 11, 2021); *United States v. Trotta*, No. 21-CR-60260 (S.D. Fla. Jan. 19, 2022); *United States v. Young*, No. 3:21-CR-417 (N.D. Tex. Apr. 7, 2022); and *United States v. Moore*, No. 22-CR-14 (S.D. Ga. Dec. 15, 2022). Copies of the notices of the Filter Team's intent to produce these documents and the Protocol Orders in these cases are reprinted in Part A of Appendix 1 to this Motion.

For ease of understanding of the two cases, *Fluitt* and *Moore*, where, as set out in n.4, *infra*, privileged-claimed Satary and HSE documents were produced to the defense after notice-and-opportunity-to-be-heard litigated proceedings under the Protocol Orders in those cases, certain of these items are also reproduced in Appendix 2. Appendix 2 contains the Filter Team's motion filings related to Satary and HSE materials in *Moore*, which invoked collateral estoppel regarding the *Fluitt* litigation.

[3] Produced to defendants and the Prosecution Teams in cases cited in n.2, *supra*.

[4] Based on deficiencies in the Satary and HSE privilege logs, all roughly 25,000 items listed on Satary's and the HSEs logs were produced to the defense in *Fluitt* with the same kind of special procedures sought here, namely, procedures requiring defense to give notice to the privilege holders and the Filter Team, and to initiate further

| HSEs | 3,888 documents[5] | 369 documents[6] | 1,566 documents[7] |
|------|--------------------|-------------------|---------------------|
| Lab Solutions LLC | 505 documents[8] | 55 documents[9] | 0 documents[10] |

---

litigation *in camera* before any use likely to lead to publication of any such documents or transmittal to the Prosecution Team; the *Fluitt* production to defense was affirmed on appeal.  *See United States v. Fluitt*, 99 F. 4th 753, 764-65 (5th Cir. 2024).

Based on arguments similar to those in *Fluitt* and here, subsets of these items were also produced with judicial authorization to the defendant in *United States v. Moore*, No. 1:22-CR-14 (S.D. Ga. Feb. 9, 2024 (Dkt. 92)  and August 27, 2024 (Dkt. 110)).

Copies of relevant portions of the record in *Fluitt* and *Moore* are set forth in Appendix 2 to this motion.  This case concerns subsets of the items produced in *Fluitt*, albeit different subsets than produced in *Moore*, due to the use of different relevance search terms and the different discovery needs of the *Moore* proceedings versus this matter.

[5] Produced to defendants and the Prosecution Team in cases noted in n.2, *supra*.

[6] Produced to defendants and the Prosecution Team in cases noted in n.2, *supra*.

[7] Produced to defendants only under special procedures as described in n.4, *supra*.

[8] Produced to defendant and the Prosecution Team in *United States v. Patel*, No. 19-CR-80191 (S.D. Fla.), pursuant to the June 8, 2020 Discovery Protocol Order therein. A substantial portion of this material was produced to other defendants and a number of Prosecution Teams even before defendant Patel's final waiver of privilege incident to his giving notice that he could invoke at trial a defense based on advice of counsel. Specifically, Lab Solutions' Non-PPM was also produced in *Canchola*, *Satary*, *Garipoli*, *Young*, and *Moore*.  Notices related to these prior productions of Lab Solutions seized material and the *Patel* protocol are set out in Part B of Appendix 1.

[9] Produced to defendants and the Prosecution Teams as described in n.8, *supra*.

[10] The final release to the Prosecution Team of Lab Solutions documents in *Patel* occurred after this Court's orders respecting Patel's advice-of-counsel defense, leaving four items on the Lab Solutions privilege log, none of which are at issue here.  *See* Ex. A, including the Oct. 31, 2022 email from Lab Solutions' counsel and its final log.

Because of the smaller volume of PPM in this case, the Filter Team did not seek, and this Court has not entered, a Discovery Protocol Order here. Nevertheless, the Filter Team has provided notice that this material is potentially subject to the Government's disclosure obligations to defendants, to Satary and the HSEs on January 14, 2025, and to Minal Patel, the last-known corporate representative of Lab Solutions, on January 13, 2025. *See* Ex. A hereto (recent notices to privilege holders).

This material has been identified for production to defendants here because of the alleged involvement of the defendants in this case with several of the same marketers utilized by Satary, Patel, and their companies, and the Government's potential obligations under Rule 16 of the Rules of Criminal Procedure, *Giglio*, and the Jencks Act, 18 U.S.C. § 3500.[11]  The Prosecution Team is also entitled to and needs to see the Non-PPM and Waived PPM material just as all previous Prosecution Teams have been where these items have been released under discovery protocols. A more limited form of relief – release to the defense here only subject to special procedures – is sought with respect to the material previously listed on privilege logs.

## SUMMARY OF ARGUMENT

This motion seeks two kinds of relief. ***First***, as to the Non-PPM and the Waived-PPM (*i.e.*, items of PPM as to which the third parties have not asserted, even deficiently, a claim of privilege), listed in columns 2 and 3 in the chart above, the

---

[11] Filtered privilege logs reiterating Satary's and the HSE's past privilege claims regarding the 66 and 1566 privilege-asserted documents at issue here, cross-referenced to their *Fluitt* log data rows, appear as Exhibit 1 to this Motion.

Court should authorize production to the defense and release to the Prosecution Team for use in this case. This motion – and this Court's order – are required here because prior Discovery Protocol Orders as to which this material was previously handled contain Rule of Evidence 502(d) provisions preserving claims of privilege in "other proceedings" than those in which the protocols were entered. *See* Appendix 1 at 8, 14, 19, 26, 33, 41, 50, 58-59, 104 (all citing Fed. R. Evid. 502(d)). The instant case is one such "other proceeding." But while any prior claims of privilege have been preserved, Satary, his companies, and Lab Solutions and its principal, Minal Patel, have gone years without asserting privilege over these items and will not be able to sustain any privilege claims over them now. The HSEs and LabSolutions are also defunct and have no privilege they may lawfully assert; and Satary, a fugitive, is disentitled from asserting privilege, as are the HSEs, which are in privity with him.

**Second**, as to items over which Satary and the HSE's have claimed privilege in the past, listed in column 4 in the chart above, those should be released to the defense, like they have previously been in *Fluitt* and *Moore*, but under special procedures for the defense's handling and use leading to disclosure of the same publicly and to the Prosecution Team during the remaining phases of this case. *See* sources cited at n.4 *supra*. Based on the record, the relief sought here is appropriate.

Satary and the HSEs do not appear to have asserted any new claims regarding their at-issue items (the "Non-PPM / Waived PPM" and the "Previously Logged Material"), but claim privilege generally. *See* Ex. A. Counsel for Minal Patel, the last known principal of Lab Solutions, has stated he lacks authority to "state a position

6

different from that taken by the trial attorneys." Lab Solutions' position is thus ambiguous. *Id*. None of the Defendants in this case opposes this Motion. *See* Ex. B.

## ARGUMENT

### A. The At-Issue Non-PPM / Waived PPM Should Be Authorized for Production and Release to the Defense and the Prosecution Team.

Under the multiple Discovery Protocol Orders pursuant to which the Satary, HSEs, and Lab Solutions Non-PPM and Waived PPM documents were released to multiple Prosecution Teams over the past half-decade, these privilege holders had the opportunity to shield the at-issue Non-PPM / Waived PPM in this case through the process of asserting privilege and/or seeking to claw back documents that were inadvertently not claimed as privileged. *See* Discovery Protocol Orders, Appendix 1. While, technically, the failure to assert a privilege in an earlier case governed by a Discovery Protocol containing Rule of Evidence 502(d) "preserved in other proceedings" language allows a privilege holder to come into a new proceeding and assert privilege for the first time, that option is unavailing in these circumstances.

### 1. There is No Basis to Find Any Non-PPM / Waived PPM is Privileged.

Given that Satary, the HSEs, and LabSolutions have let stand for years the situation in which the Non-PPM / Waived PPM at issue here have circulated in the cases in which they have been produced and released, there is no reason to believe they even seek to claim privilege in this case for these items.[12] Nor, the Filter Team

---

[12] This is especially true for any Lab Solutions material that was released as Non-PPM or Waived-PPM in *Patel* under the compulsion of law following Patel's invocation of a potential advice of counsel defense. Unlike limited waivers that arise

submits, would they be able to carry the heavy burden of demonstrating privilege applies if they did.  As evidentiary privileges are "exceptions to the demand for every man's evidence," they "are not lightly created nor expansively construed, for they are in derogation of the search for truth." *United States v. Nixon*, 418 U.S. 683, 710 (1974) (citation omitted). Thus, those seeking to block disclosure bear a heavy burden to establish each element of privilege or other bar. *Wyndham Vacation Ownership, Inc. et al., v. Reed Hein & Assocs., LLC, et.al.*, No. 6:18-cv-2171-Orl- 31DCI, 2019 WL 9091666, at *7 (M.D. Fla. Dec. 9, 2019).  Those claiming attorney-client privilege must prove what is sought to be protected is (1) a communication (2) between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client.  *Diamond Resorts U.S. Collection Dev., LLC v. US Consumer Att'ys, P.A.*, 519 F. Supp. 3d 1184, 1197 (S.D. Fla. 2021). *See In re Grand Jury Matter No. 91-01386*, 969 F.2d 995, 997 (11th Cir. 1992); *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991).  The Filter Team submits that these elements cannot be established for the Non-PPM / Waived PPM. There is no indication the third parties here will even attempt to submit properly detailed privilege logs, which are but the first step in sustaining privilege.  *See DeGruy-Hampton v. Ochsner Clinic Foundation LLP*, 2021 WL 2514681, *4 & n.18 (E.D. La. June 18, 2021) (failure to provide proper logs justifies finding waiver).  As shown below, there are further bars to assertions for the Non-PPM / Waived PPM.

---

from failure to log items under a Discovery Protocol, this was a general waiver. *See generally United States v. Jensen*, 573 F. App'x 863, 870 (11th Cir. 2014) (per curiam).

## 2.   HSEs and Lab Solutions Are Defunct and Have No Privilege.

The HSEs and Lab Solutions are independently barred from asserting privilege because they are defunct.  Their privileges do not survive corporate death, absent a transfer of privilege claims to a bankruptcy trustee.  *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348-49 (1985).  Indeed, the "defunct entity" doctrine extends to more than dissolved corporations, because "'courts should look to practical business realities rather than technical legal status.'" *United States v. Cox*, No. 8:14-CR-0140-T-23MAP, 2015 WL 13741738 *3 (M.D. Fla. Oct. 7, 2015) (citation omitted).[13]   Here, of the six HSEs at issue, four of them were declared inactive or dissolved by the Secretaries of State of Louisiana, Florida, or Georgia well over a year ago: (1) Lazarus Services LLC; (2) Performance Laboratories LLC; (3) Clio Laboratories, LLC; and (4) GNOS Medical, Inc.  *See* Appendix 2, Part A at 443-459 (*Moore* Dkt. 90 Exs. K-1-K-4 (Dkt. 90-14)).  The other two, (5) Elite Laboratories Inc. and (6) Alpha Medical Consulting Inc., were dissolved September 13, 2024 for failure to cure violations of Georgia law.  *See* Exs. C-1 – C-2.  LabSolutions was similarly dissolved the same date.  *See* Ex. C-3.  None of these entities has any discernible

---

[13] *S.E.C. v. Carrillo Huettel LLP*, 2015 WL 1610282, at *2 (S.D.N.Y. Apr. 8, 2015) (collecting cases); *see also Official Comm. of Admin. Claimants ex rel. LTV Steel Co., Inc. v. Moran*, 802 F. Supp. 2d 947, 949 (N.D. Ill. 2011) (weight of authority suggests attorney-client privilege does not survive death of corporation); *TAS Distrib. Co., Inc. v. Cummins Inc.*, 2009 WL 3255297, at *2 (C.D. Ill. Oct. 7, 2009) ("Absent some compelling reason to the contrary, the attorney client privilege does not survive the death of the corporation."); *City of Rialto v. U.S. Dept. of Defense*, 492 F. Supp. 2d 1193, 1197 (C.D. Cal. 2007) ("[A] dissolved corporation is not entitled to assert the attorney-client privilege."); *Lewis v. United States*, 2004 WL 3203121, at *5 (W.D. Tenn. Dec. 7, 2004) ("privilege cannot be applied to a defunct corporation.").

business activity.  *See* Appendix 2, Part A at 434-36 (*Moore* Dkt. 90; *id.* Ex. I (Dkt. 90-12)); *In re American Medical Collection Agency, Inc., Customer Data Security Breach Litigation*, No. 19-MD-2904, 2023 WL 8595741**6-7 (D.N.J. Oct. 16, 2023) (no certified evidence of ongoing activity; no privilege).  This Court should accordingly find the HSEs and LabSolutions are defunct and disabled from asserting privilege.

### 3.  Satary / HSEs Have No Privilege Given Satary's Fugitive Status.

The fugitive disentitlement doctrine also bars any privilege claims Satary and the HSEs may have.  After Satary was indicted for genetic-testing-related health care fraud offenses in the Eastern District of Louisiana on September 26, 2019, his and the HSEs' documents were seized via search warrant and subjected to filter proceedings in multiple cases, including *Fluitt*, where the district court found Satary's and the HSEs' privilege logs inadequate and in the Spring of 2022 ordered all of their logged items produced to Fluitt under special procedures.  *See* Appendix 2, Part A at 105-128.  Satary and the HSEs appealed this order in June 2022, the Fifth Circuit denied a stay in August 2022, and Satary and the HSEs thereafter filed their opening brief.  *Id.* at 129-134.  In late November 2022, Satary became a fugitive. *See id.* at 221-225.  The Fifth Circuit held it was not sufficiently prejudiced in its ability to address Satary's appeal as his opening brief had been filed, and therefore did not dismiss the appeal based on the fugitive disentitlement doctrine.  *See United States v. Fluitt*, 99 F.4th 753, 762-63 (5th Cir. 2024).  However, here there is prejudice to this Court's processes as Satary is not present to address the issues on this Motion.

As the Supreme Court has explained, "[i]t has been settled for well over a

century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993); *see also, e.g., Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970); *Ener v. Martin*, 987 F.3d 1332, 1338 (11th Cir. 2021). The principle applies as well to fugitives' claims in the District Courts. *See Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998). Disentitlement is designed to address "the inequity of allowing a fugitive to use court resources only if the outcome is an aid to him; and the need to avoid prejudice to the non-fugitive party." *Id. Accord*, *Giri v. Keisler*, 507 F.3d 833, 835 (5th Cir. 2007) (per curiam). A principal justification for the fugitive disentitlement doctrine is that "'the criminal defendant's escape is thought to represent an affront to the dignity and authority of the court.'" *Giri*, 507 F.3d at 835 (citation omitted); *see also Degan v. United States*, 517 U.S. 820, 824-828 (1996). Satary's deliberate decision to abscond is an affront to the dignity of this Court, the District Court for the Eastern District of Louisiana (where he was due to be tried), as well as multiple other federal courts where his documents have been subject to discovery proceedings similar to those here. This is not a civil proceeding, but a criminal matter in which discovery of Satary's allegedly privileged documents and those of his companies is sought for the benefit of a defendant charged in this district where there are overlapping facts and evidence, and, were Satary allowed to claim privilege, result in a disallowance of discovery in potential derogation of defendants' rights to "'a meaningful opportunity to present a complete defense.'" *United States v. W.R. Grace*, 439 F. Supp. 2d 1125, 1136-1137 (D. Mont. 2006). Unlike

*Degan*, which rejected application of fugitive disentitlement to civil forfeiture cases, the option of curtailing discovery to the fugitive does not solve the problem because other parties, rather than Satary, are beneficiaries of the discovery. This is also a case where this District Court, unlike *Degan*, remains constrained in its ability to "to prevent [the absent party] from exploiting the asymmetries he create[d] by participating in one suit but not the other." 517 U.S. at 827. For there to be effective litigation of privilege claims, Satary must move to intervene and participate. Satary has given no sign he will move to intervene; in the past has repeatedly failed to do so.

If Satary is barred by his fugitive status, so, too, should the HSEs be barred from asserting privilege, given that Satary and the HSEs are in privity. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979). *Accord*, *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 329 & n.19 (1955) (discussing the factors that govern a finding of privity, including control); *see also Montana v. United States*, 440 U.S. 147, 154 (1979). Here, there is an ample record, including the *Satary* indictment (Appendix 2, Part A at 190-220) (*Moore* Ex. E-2), *see Kaley v. United States*, 571 U.S. 320, 328 (2014) (indictment establishes probable cause as a matter of law), and the detailed search warrant affidavits, that Satary at all relevant times controlled the HSEs. *See* Appendix 2, Part A at 227-372 (*Moore* Ex. F). HSEs bear the burden of showing lack of control. *Daubert v. Merrill Dow Pharms.*, 509 U.S. 579, 593 n.10 (1993). They will be unable to carry it. As counsel for Satary stated prior to his client's absconding, Satary and the HSEs operate in "lock step" on privilege. Appendix 2, Part A at 437-38 (*Moore* Ex. J). The Court should deny HSEs' claims.

**B.  The At-Issue Items Claimed as Privileged on Satary's and HSEs' Previous, Judicially-Declared Inadequate Privilege Logs Should Be Released to Defendants Under the Requested Special Procedures.**

All of the arguments above apply equally to the documents enumerated in the fourth column of data in the chart of at-issue material, namely, the 66 Satary documents and 1566 HSE documents that have been previously claimed as privileged.  Satary and the HSEs will be unable to sustain privilege, the HSEs are defunct, and Satary and the HSEs are barred by the fugitive disentitlement doctrine and the rules of privity.  In addition, as argued below, the very relief sought here has been granted in the *Fluitt* and *Moore* cases and Satary and the HSEs are barred by collateral estoppel multiple times over from asserting their privilege claims have been properly asserted and that the privilege-claimed documents should not be produced.

**1.  Collateral Estoppel Requires the Relief Requested.**

The Fifth Circuit concluded that Satary's / HSEs' privilege logs in the *Fluitt* case, including privilege assertions identical to those here,[14] were inadequate, and it was not an abuse of discretion for the District Court to order a limited release like the one sought here.  99 F.4th at 763-64.  This gives rise to an issue preclusion bar (*i.e.*, collateral estoppel) that prohibits Satary and HSEs from opposing this Motion.[15]

---

[14]Neither Satary nor HSEs have produced a privilege log here nor given unambiguous guidance about their claims.  *See* Ex. B.  The Filter Team, left with no better guidance by Satary and HSEs, has imported their assertions raised in the *Fluitt* case in Exhibit 1.  *Compare* Appendix 2, Part A (*Moore* Dkt. 90 at 4 n.6) and Ex. 1 (last column).

[15] The Fifth Circuit affirmed the limited production orders in *Fluitt*, a federal criminal case arising under federal law, on the basis of "federal common law," 99 F.4th at 763, and thus the issue preclusion issue here is controlled by federal preclusion law.  *See Heck v. Humphrey*, 512 U.S. 477, 488-89 & n.9 (1994); *cf. CSX Transportation, Inc. v.*

In the Eleventh Circuit, issue preclusion "forecloses relitigation of an issue of fact or law that has been litigated and decided in a prior suit." *CSX Transportation, Inc. v. Brotherhood of Maintenance of Way* Employees, 327 F.3d 1309, 1317 (11th Cir. 2003). It does so if (1) "the issue at stake [is] identical to the one involved in the prior litigation; (2) the issue [was] actually litigated in the prior suit; (3) the determination of the issue in the prior litigation [was] a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding." *Id.* (citation omitted). *See also United States v. Moreland*, 570 Fed. Appx. 843, 845-46 (11th Cir. 2014) (citing cases); *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1318 (11th Cir. 2012). All these elements are met here.[16]

***First***, the issues here – (1) whether Satary's and HSEs' privilege logs are inadequate and (2) whether it is an abuse of discretion to authorize a limited release – are identical in every material way to those in *Fluitt*. The at-issue privilege assertions for the material here were presented for review in *Fluitt* as was the District Court's remedy of providing those to the criminal defendant under limits like those here. *Compare* Ex. 1 (*Perez-Paris*-filtered Satary / HSE logs for the documents) *with Fluitt* Dkts. 35-36 and 39-40 (Satary / HSE omnibus logs for all roughly 25,000

---

*General Mills, Inc.*, 846 F.3d 1333, 1337 (11th Cir. 2017) (in diversity cases, federal law also controls although state preclusion law is "borrowed" pursuant to federal law).

[16] Even if privilege raises mixed questions of law and fact, *see Knox v. Roper Pump Co.*, 957 F.3d 1237, 1244 (11th Cir. 2020), issue preclusion applies if the four elements are present, *see Dick's Sporting Goods, Inc. v. Forbes/Cohen Properties, LLC*, 20-CV-80157-BER, 2023 WL 5831467 *6 (S.D. Fl. Sept. 8, 2023) (borrowing state law case).

documents claimed as privileged by either of them), and Proposed Order accompanying this Motion, with *Fluitt* Dkts. 17, 22, 79, 89, 91, 93 (reprinted at Appendix 2, Part A at 104-134 (*Moore* Dkt. 90-7)). **Second**, the issues were litigated, as shown in the Fifth Circuit's published opinion. *See* 99 F.4th at 763-64. **Third**, because the Fifth Circuit found it had jurisdiction and rejected the District Court's conclusion that Satary and HSEs lacked standing, the ruling on the merits of the discovery dispute was "critical and necessary" to the Fifth Circuit's judgment. **Fourth**, Satary and HSEs had ample opportunity to litigate, having received not only due process in the District Court but the opportunity for plenary briefing and oral argument in the Fifth Circuit. **Fifth**, this is not a case in which collateral estoppel is being sought to be applied offensively by a non-party to the prior proceeding, as the United States is and was a party both in the *Fluitt* proceedings and this proceeding. Thus, it is unnecessary to assess the discretionary factors set forth in *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326-33 (1979). Even were the Court permitted to consider such factors as Satary's and HSEs' comparative incentives to litigate in *Fluitt*, those factors cut strongly in favor of applying collateral estoppel here.[17]  At issue in the *Fluitt* proceeding were all roughly 25,000 claimed-as-privileged items; here, less than ten percent of those items is at issue. Even if the numbers were

---

[17] Even if defendants here may benefit from the granting of the Filter Team's Motion and requested order, that does not show unfairness, as defendants here could not have intervened in *Fluitt*. *Cf. Parklane*, 439 U.S. at 331 (in non-mutual offensive assertion contexts, courts should consider whether party asserting issue preclusion could have intervened in first case), *with Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private party lacks standing to intervene in another's prosecution).

reversed, Satary / HSEs would have had an adequate incentive to litigate. *See EEOC v. American Home Products Corp.*, No. C 75-2491 A, 1980 WL 18583 *3 (N.D. Ga. Aug. 8, 1980) (holding there is no unfairness in applying issue preclusion against class action defendant from order in a two-plaintiff case tried in one day). **Finally,** the District Court in *Moore* twice granted the relief the Filter Team seeks after notice and opportunity to be heard were given to Satary and the HSEs in that matter. *See* Appendix 2, Part A, Sub-Appendix 2; *id.*, Part B, Sub-Appendix 2. This adds another two collateral estoppel barriers justifying the relief that the Filter Team seeks herein. While the privilege claims here – assuming Satary and HSEs even move to intervene and re-plead their prior assertions – and in *Moore* run to slightly different document sets, the "material operative facts," *i.e.*, the key level of detail in the privilege logs, is the same. *See* Restatement (Second) of Judgments § 24, comment (f) (1982).

Based on the *Fluitt* and *Moore* litigation, Satary / HSEs are issue-precluded from challenging limited release orders like the kind sought on this Motion. The Court should so hold and should grant the relief sought in this case on that basis.

### 2. Even Absent Previous Rulings, This Motion Should Be Granted.

In any event, even were this Court to review the issues *de novo*, neither Satary nor HSEs will be able to overcome the heavy burden imposed by the Eleventh Circuit standards for the assertion of privilege, including providing detailed privilege logs. *See Wyndham Vacation Ownership, Inc. et al., v. Reed Hein & Assocs., LLC, et.al.*, No. 6:18-cv-2171-Orl- 31DCI, 2019 WL 9091666, at *7 (M.D. Fla. Dec. 9, 2019) (citing *United States v. Nixon*, 418 U.S. 683, 710 (1974)); *see also Diamond Resorts*

16

*U.S. Collection Development LLC v. US Consumer Attorneys PA*, 519 F. Supp. 3d 1184, 1197-98 (S.D. Fla. 2021) (citing cases). Here, the lack of detail in the privilege assertions is striking, given that fewer documents are in issue. And neither Satary nor the HSEs have explained why, regardless of *Fluitt*'s impact or the rulings in *Moore*, they have not revised their logs to provide requisite detail, let alone provided required underlying evidence to sustain privilege. Here (again), the Court is within its discretion in authorizing the release of the documents. *See DeGruy-Hampton v. Ochsner Clinic Foundation LLP*, 2021 WL 2514681, *4 & n.18 (E.D. La. June 18, 2021) (Phillips Currault, M.J.) (citing caselaw). Set against defendants' potentially at-issue right to a "'meaningful opportunity to present a complete defense,'" *United States v. W.R. Grace*, 439 F. Supp. 2d 1125, 1136-1137 (D. Mont. 2006), the Court should exercise its Rule 16(d) discretion and release evidence to the defense when the law's requirements for asserting privilege are not met. *See Nielsen v. Preap*, 139 S. Ct. 954, 972 (2019) (the rule of constitutional avoidance, also implicated here).

### 3. Special Procedures are Warranted for Previously Logged Items.

If the Court grants this Motion with respect to the materials previously listed on Satary's or the HSEs privilege logs, the Filter Team requests the Court to adopt Fed. R. Evid. 502(d) protections against waiver in this, or other legal proceedings (and, similarly, to confine the release to the defense only). This approach is consistent with how the material was handled in connection with the *Fluitt* and *Moore* cases.

Again, although neither Satary nor the HSEs have equity on their side, the Filter Team recommends the Court follow the *Fluitt* and *Moore* cases' approach and

enter a Rule 502(d) order that requires the defense to seek *in camera* review before using the documents in ways that may taint the Prosecution Team.   Because the defense must make a reasoned election, this will likely reduce the burden of *in camera* proceedings and reduce the risk of tainting the Prosecution Team in *Satary*, who may be called upon to litigate if he is re-apprehended.   *See* Proposed Order attached.

### 4.  The Court Also Has Discretion to Order an *In Camera* Review

If the Court does not grant the relief requested for the items listed on the prior Satary / HSE privilege logs, the Filter Team requests *in camera* review at which the putative privilege holders, if they intervene, should be required to advance requisite evidence to sustain privilege and the Filter Team may brief privilege and related issues of, *inter alia*, waiver, crime-fraud, and other potential grounds for disclosure.

## CONCLUSION

For the reasons above, the Court should grant the Filter Team's Motion and authorize the discovery as set forth in the Proposed Order appended to this Motion. As to any document not authorized for release and production as requested, the Court should order *in camera* review, and after such review, should order the same released.

Respectfully submitted this 23rd day of January 2025,

MICHAEL S. DAVIS
ACTING UNITED STATES
ATTORNEY

GLENN S. LEON
CHIEF, FRAUD SECTION
CRIMINAL DIVISION

*/s/ Steven S. Michaels*
STEVEN S. MICHAELS

Court Number A5502790
Trial Attorney, Special Matters Unit
Criminal Division, Fraud Section
New York Bar No. 1999408
Hawaii Bar No. 3852
1400 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 615-1483
Steven.Michaels@usdoj.gov

## **CERTIFICATE OF CONFERRAL**

I HEREBY CERTIFY that the Government, through the undersigned member of the Filter Team, has conferred with counsel for Defendants on the instant motion and Defendants do not oppose the relief sought by the Filter Team.

The undersigned also conferred via email with counsel for the putative privilege holders fugitive Khalid Satary, the Hurricane Shoals Entities, and Lab Solutions LLC, whose positions are stated in the correspondence in Exhibit B.

By:    */s/ Steven S. Michaels*
       Steven S. Michaels

## CERTIFICATE OF SERVICE

I hereby certify that, on January 23, 2025, I filed the foregoing, Exhibits 1, A, B, and C, and Appendices 1 and 2, a Schedule of Exhibits, and the accompanying Proposed Order, using the CM/ECF system.  Notice of this filing will be sent to all counsel of record via the CM/ECF system, and a courtesy copy will be provided via email to counsel for the putative third-party privilege holders listed below and also served upon the same via overnight courier (Federal Express) and, as soon as feasible after filing, also by first class U.S. mail, first-class postage prepaid.

*/s/ Steven S. Michaels*
Steven S. Michaels

| Potential Privilege Holder | Potential Privilege Holder Counsel | Counsel Email |
|---|---|---|
| Khalid Satary | Scott Grubman, Esq.<br>Chilivis, Grubman, Dalbey<br>  & Warner LLP<br>1834 Independence Square<br>Atlanta, Georgia 30338 | sgrubman@cglawfirm.com |
|  | Amanda Clark Palmer, Esq.<br>Garland, Samuel,<br>  & Loeb, P.C.<br>3151 Maple Drive, NE<br>Atlanta, GA 30305 | aclark@gsllaw.com |
|  | Matthew Kyle Winchester, Esq.<br>Matthew Kyle Winchester<br>  Law Offices of Matthew K.<br>Winchester, LLC 1800<br>Peachtree Street, NW<br>Suite 300<br>Atlanta, GA 30309 | k.winchestercb@gmail.com |
| Hurricane Shoals Entitles | Melissa L. Jampol, Esq.<br>Epstein Becker & Green<br>875 Third Avenue<br>New York, NY 10022 | mjampol@ebglaw.com |
| Lab Solutions, LLC | Richard C. Klugh, P.A.<br>40 NW 3rd Street, PH1<br>Miami, Florida 33128 | rickklu@aol.com |

 /s/ *Steven S. Michaels*
Steven S. Michaels
Trial Attorney